IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

MAILEY FOSTER,

            Plaintiff,

vs.

LIFE INSURANCE COMPANY OF
NORTH AMERICA,

            Defendant.

Civil Action No.  2:21-cv-1336

## COMPLAINT

AND NOW, comes the Plaintiff, MAILEY FOSTER, by and through her attorney, Brian Patrick Bronson, Esquire, and the law firm of QuatriniRafferty, P.C., and files this Complaint in Civil Action in the Federal District Court for the Western District of Pennsylvania, stating as follows:

### INTRODUCTION

### NATURE OF THIS ACTION

1.    This action is filed pursuant to the Employment Retirement Income Security Act of 1974, 29 U.S.C. §1001 et seq. (hereinafter referred to as "ERISA") and the Declaratory Judgment Act, 28 U.S.C. §§2201, 2202.  Ms. Mailey Foster (hereinafter "Plaintiff") is a participant in an employee welfare benefit plan (hereinafter referred to as "The Plan") which is administered pursuant to an insurance policy issued by Life Insurance Company of North America.  The Plan is governed by ERISA.  Plaintiff is a beneficiary under the Plan. This Complaint challenges the Plan's unlawful practice of failing to provide

Plaintiff with the timely payment of Long Term Disability benefits under the Plan. Specifically, Plaintiff is filing this action to enforce her rights under the Plan and for attorney fees, interest and costs as provided by ERISA.

### JURISDICTION AND VENUE

2. This Court has Original Jurisdiction to hear this Complaint and to adjudicate the claims herein pursuant to 28 U.S.C. §1331 and 29 U.S.C. §1132.

3. Venue is proper in this Court, as the Plan was administered in the Western District of Pennsylvania.

### PARTIES

4. The Plaintiff, Mailey Foster resides at 1504 Woodmont Avenue, New Kensington, PA 15068, Westmoreland County.

5. The Defendant, Life Insurance Company of North America, is the Claims Administrator of Long Term Disability claims and is located at 1601 Chestnut Street, Philadelphia, PA 19192.

6. Defendant administered employee benefits, mainly Long Term Disability benefits, under the Plan in accordance with the insurance policy issued to the Plan by the Claims Administrator.

### STATEMENT OF FACTS

7. The Plaintiff, Ms. Mailey Foster, last worked for Sagewell Healthcare Benefits Trust as a Contact Center Specialist on or about April 27, 2020, wherein she stopped

working due to diagnoses, symptoms, and functional limitations of Major Depressive Disorder; Anxiety; and ADHD.

8. By letter dated September 23, 2020, Defendant acknowledged Plaintiff's application for Long Term Disability benefits claim.

9. By letter dated December 3, 2020, Defendant denied Plaintiff's claim for Long Term Disability benefits.

10. Plaintiff, by and through her counsel, Attorney Brian P. Bronson, Esquire, filed a timely and responsive appeal by letter dated May 28, 2021.

11. By letter dated June 23, 2021, Defendant upheld their decision to deny Plaintiff's claim for Long Term Disability benefits. This letter states, "At this point in time your client has exhausted all administrative levels of appeal and no further appeals will be considered."

## CAUSE OF ACTION

**Employment Retirement Income Security Act of 1974, 29 U.S.C. §1001 et seq.**

12. Paragraphs 1 through 11 are incorporated herein as if set forth at length.

13. Plaintiff has exhausted all administrative remedies and mandatory appeals as required by the Plan and ERISA 29 U.S.C. §1001 et seq.

14. At all times relevant to this action, the Plaintiff has been unable to perform the material duties of her own occupation and any gainful occupation due to diagnoses, symptoms, and functional limitations of Major Depressive Disorder; Anxiety; and ADHD.

15. The Defendant's absolute reliance on the result of a Neuropsychological Evaluation to support a finding that the Plaintiff had no limitations in her ability to

perform work-like functions was arbitrary and capricious. The Neuropsychological Evaluation in question was to be used for clinical purposes only, and although it finds various levels of functionality on tests in the low average to high average ranges, this document was improperly relied upon by the Defendant to support a conclusion on the Plaintiff's ability to perform work-like functions. The Defendant failed to adequately explain why a consistent validity index on self-reported psychological and behavior rating scales, coupled with the examiner's findings on the Plaintiff's symptoms, which were consistent with her treatment records and Independent Psychological Evaluation, were totally discounted in the evaluation of mental illness.

16. The Defendant's actions in denying Plaintiff benefits under the Plan constitutes a violation of 29 U.S.C. § 1132(3)(B)(ii) .

17. The Defendant ignored pertinent medical evidence and failed to evaluate all of the evidence of record including the medical of Plaintiff's treating physicians.

18. The Defendant did not conduct a full and fair review of the claim as required by ERISA.

### PRAYER FOR RELIEF

WHEREFORE, the Plaintiffs respectfully prays that the Court issue an Order:

(1) Awarding, declaring or otherwise providing Plaintiff all relief to which Plaintiff is entitled under ERISA Section 502 Paragraph (a) 29 U.S.C. Section 1132(a);

(2) Awarding pre and post judgment interests;

(3) Awarding Plaintiff the costs of this action and reasonable attorneys fees;

- 5 -

    (4)    Awarding such other relief as may be just and reasonable.

<u>/s/ Brian Patrick Bronson, Esquire</u>
Brian Patrick Bronson, Esquire (Pa #89035)
QuatriniRafferty, P.C.
550 East Pittsburgh Street
Greensburg, PA  15601
Phone:  (724) 837-0080
Fax:  (724) 837-1348
E-mail:  bpb@qrlegal.com

Dated:   October 6, 2021

- 5 -